IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT F. RODARTE,

      Plaintiff,

v.                                                                              Civ. No. 14-1118 JCH/SCY

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

This matter is before the Court on Plaintiff Robert Rodarte's motion for leave to file an amended complaint adding two additional unfair practices claims against Defendant Government Employees Insurance Company. *Doc. 19*. These proposed claims are closely related to the bad faith insurance claim asserted in Plaintiff's original complaint. Moreover, Plaintiff filed the motion to amend on February 27, 2015 prior to the March 1, 2015 deadline to amend that was selected by the parties and adopted by the Court. *Doc. 15*. Nevertheless, Defendant opposes Plaintiff's motion as untimely and unduly prejudicial. *Doc. 26*.

Because Plaintiff filed his motion to amend within the time limits set forth in the Court's scheduling order, the court must analyze Plaintiff's request under Fed. R. Civ. P. 15(a)(2), which provides that a "court should freely give leave [to amend] when justice so requires." The purpose of this Rule is to allow litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982); *see also See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Consistent with this purpose, a court

should grant a motion for leave to amend unless there is some reason not to do so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Here, Defendant argues that amendment is improper for three reasons: undue delay, prejudice, and futility. Specifically, Defendant contends that (1) Plaintiff has not provided any explanation for his failure to assert the proposed additional claims in the original complaint, (2) Defendant would be prejudiced by the new claims as they broaden the scope of the litigation, and (3) amendment would be futile in light of Defendant's pending motion to bifurcate and stay discovery. *See generally doc. 26*. The Court does not find any of these arguments convincing.

First, the Tenth Circuit has repeatedly emphasized that "[l]ateness does not of itself justify the denial of [a motion to amend]." *Minter*, 451 F.3d at 1205. Rather, in determining whether undue delay exists, the Court must focus on the reasons for the delay. *Id.* at 1206. Here, Plaintiff's motion suggests that Plaintiff may have refrained from including additional unfair practices claims in the original complaint because Plaintiff "would have preferred to conduct discovery prior to amending the complaint to add additional claims." *Doc. 19 at 1*. This is a legitimate reason to delay bringing claims.

Moreover, while a court may deny a motion to amend for undue delay where "the party filing the motion has no adequate explanation for the delay," *id.*, it is not required to do so. *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) ("The district court has wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation."). The shorter the delay the more likely the court will be to allow an amendment given

reduced concerns about prejudice to the opposing party. *Minter*, 451 F.3d at 1205. In fact, unless the plaintiff is attempting to make the complaint a moving target or is otherwise acting in bad faith, courts routinely grant motions to amend that are filed within the deadline set in the scheduling order. *See*, *e.g.*, *Mann Law Offices, L.L.C. v. Gibson & Sharps, P.S.C.*, No. 14-cv-1109, 2014 U.S. Dist. LEXIS 175883, at *7 (D. Kan. Dec. 22, 2014) (summarily granting motion to amend that was filed within the time allotted in the scheduling order over the defendant's complaints about delay); *Kiefner v. Sullivan*, No. 13-cv-714, 2014 U.S. Dist. LEXIS 71799, at *3-4 (N.D. Okla. May 27, 2014) (reasoning that defendant could not show undue delay when plaintiff filed the motion to amend within the deadline set in the scheduling order). The Court sees no reason to depart from this trend.

    Nor is the Court persuaded that allowing the proposed amendments will unduly prejudice Defendant. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208. In this case, discovery commenced on January 30, 2015 and it does not appear that Defendant has served any discovery requests on Plaintiff.[1] Discovery is not scheduled to end until July 1, 2015. This should provide ample time for Defendant to respond to Plaintiff's new claims, which are closely related to the outstanding bad faith claim. If the amendments do necessitate extra discovery, any prejudice to Defendants can be cured by permitting a short extension of the discovery deadlines.

    Finally, Defendant's motion to bifurcate and stay discovery has no bearing on the futility (or non-futility) of Plaintiff's proposed amendment. A court will deny a motion to amend on the basis of futility only where it is obvious that the plaintiff cannot prevail on the facts he has alleged. *Cohen v. Longshore*, 621 F.3d 1311, 1314-1315 (10th Cir. 2010). Here, Defendant does

---

[1] This is unsurprising as Defendant moved to bifurcate and stay discovery on February 6, 2015. *Doc. 17*.

not assert that Plaintiff's proposed claims must fail. Instead, Defendant merely contends that amendment is futile "at this time" because Defendant believes Plaintiff's proposed claims should be stayed. *Doc. 26* at 3. This is not a proper reason to postpone amendment.

    IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to amend the complaint (*Doc. 19*) is GRANTED.

2. Plaintiff must file the amended complaint as a separate docket entry by April 14, 2015.

    /s/ Steven C. Yarbrough
    STEVEN C. YARBROUGH
    UNITED STATES MAGISTRATE JUDGE